[No. H000448. Sixth Dist. June 24, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM KENT HUGGINS, Defendant and Appellant.

**COUNSEL**

Walter A. MacDonald, Jr., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BRAUER, J.**—Defendant was charged with first degree burglary arising out of the forcible entry into a home and theft of money contained in a letter indoors. He pleaded no contest in the face of virtually conclusive evidence consisting of four fingerprints and the absence of a benign explanation for their presence in the house. Thereafter substitute counsel woke up to the fact that the issue defendant wished to raise on appeal would not survive such a plea, even with a certificate of probable cause, as the alleged error was not of constitutional dimension nor undermined the legality of the proceedings. (*People* v. *De Vaughan* (1977) 18 Cal.3d 889, 895-896 [135 Cal.Rptr. 786, 558 P.2d 872].) He thereupon successfully moved to vacate the plea and submitted the cause on the transcript of the preliminary hearing, a so-called "Bunnell plea." (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086].) Defendant was promptly found guilty.

The sole ground for appeal is the refusal of the magistrate at the preliminary examination and of the trial judge at a pretrial hearing to admit the hearsay declaration of Teresa Grace Nugent, a neighbor of the victim, offered through the testimony of investigating police officer Michael Handa.

The offer of proof in the trial court was as follows:

"THE COURT: Do you have any comment on the motion?

"Ms. WAGGONER [Deputy District Attorney]: Yes. In response, your Honor, the People's position is that Miss Nugent's statements are hearsay

and they do not fall within the [any?] exception to the hearsay rule. The statements are not declarations against penal interest. The statement which was in the police report is that Miss Nugent discovered that the rear bedroom sliding glass door was broken and that she entered through the broken door; she went toward the kitchen and picked up the mail on the floor of the hallway, placed the mail on the counter, and then attempted to locate . . . the victim. That statement is not a statement against her own penal interest.

"THE COURT: Anything further?

"MR. SCHLIES [defense counsel]: Your Honor, we submit that it is a statement against penal interest, and the reason we believe so is that, taken with another piece of evidence also before the Court—which is the victim's statement that Miss Nugent in fact knew the victim received cash in the mail—taken with that piece of evidence, that piece of evidence would locate Miss Nugent at the point of the crime handling the mail from which the cash was taken, and, you know, beyond that we do not believe that there is anything regarding the statement which makes it inherently unreliable, that it is a reliable statement, and she is in a place where she does have permission to be handling mail, and that the defendant should in this case have the right to offer this as evidence to exculpate himself from the charge that he took the money that was in the mail.

"That would be it, your Honor.

"THE COURT: Is the matter submitted?

"Ms. WAGGONER: I would like to respond. The further statement of Miss Nugent is that when she went in the house it was because she was in the back yard watering, which she was doing for the victim, who was out of town at that time. Also her statement to the police is that prior to going over there early in the morning she heard the noise of something being broken in the yard."

Evidence Code section 1230 provides in relevant part as follows: "Evidence of a statement by a declarant having sufficient knowledge of the subject is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and the statement, when made, . . . so far subjected him to the risk . . . of criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true."

■ To quote the statute is to establish that Miss Nugent's declaration did not fall within its boundaries.[1] It contains no admission of criminal

---

[1] Unavailability of the declarant was shown to the court's satisfaction.

conduct, it is merely the statement of a good neighbor who ascertained the fact of a break-in and then took steps to notify the out-of-town victim. It furnishes an explanation for her presence on the premises totally inconsistent with criminal intent. A reasonable person in the position of Miss Nugent would not consider that she exposed herself to a charge of burglary by asserting that she was watering the victim's garden when she noticed the broken back door, that she thereupon entered the house, saw mail on the floor, picked it up, placed it on a counter and then attempted to get in touch with the victim. Her declaration showed nothing more than opportunity to commit the crime while at the same time negativing the necessary mens rea.

*People* v. *Johnson* (1974) 39 Cal.App.3d 749 [114 Cal.Rptr. 545] is in point. Defendant was accused of an assault with a deadly weapon. The evidence showed that defendant and victim were engaged in a fistfight. A bystander had a small paring knife in his hand. Defendant grabbed the knife and stabbed the victim with it. He then offered to prove through a friend of bystander that the latter had made statements as to how he had obtained the knife. The trial court rejected the offer and the decision was affirmed on appeal. The court stated that as defendant had grabbed the knife out of bystander's hand, a reasonable person in bystander's position would not have considered statements about the knife's provenance to be against his penal interest when the statements were made.

■ ■■■ That a hearsay statement is against the penal interest of the declarant is a preliminary fact which must be established under Evidence Code section 405[2] rather than under section 403. Thus the trial judge had the duty to determine whether the preliminary fact existed and thereupon to rule on the admissibility of the proffered evidence in accordance with his determination as to the existence or nonexistence of the preliminary fact. In our view, the call was not even close. We believe it would have been error to admit the hearsay declaration.

Our conclusion is not affected by the recent case of *People* v. *Hall* (1986) 41 Cal.3d 826 [226 Cal.Rptr. 112, 718 P.2d 99]. *Hall* modified the *Mendez-Arlene* rule which had provided that evidence of third party culpability was admissible only if it constituted "substantial evidence tending to directly connect that person with the actual commission of the offense." ■ *Hall*

---

[2]Evidence Code section 405 states in relevant part: "With respect to preliminary fact determinations not governed by Section 403 or 404: [¶] (a) When the existence of a preliminary fact is disputed, the court shall indicate which party has the burden of producing evidence and the burden of proof on the issue as implied by the rule of law under which the question arises. The court shall determine the existence or nonexistence of the preliminary fact and shall admit or exclude the proffered evidence as required by the rule of law under which the question arises."

held that "any relevant evidence [is admissible] that raises a reasonable doubt as to a defendant's guilt, including evidence tending to show that a party other than the defendant committed the offense charged." (*Id.,* at p. 829.)

But *Hall* did not undertake to repeal the Evidence Code. Incompetent hearsay is as inadmissible as it always was. ■ Had Miss Nugent taken the stand to repeat what she had allegedly said to Officer Handa, the trial court would have been required to evaluate the proffered evidence under section 352 in the light of this admonition from *Hall*: "[¶] To be admissible, the third-party evidence need not show 'substantial proof of a probability' that the third person committed the act; it need only be capable of raising a reasonable doubt of defendant's guilt. At the same time, we do not require that any evidence, however remote, must be admitted to show a third party's possible culpability. As this court observed in *Mendez,* evidence of mere motive or opportunity to commit the crime in another person, without more, will not suffice to raise a reasonable doubt about a defendant's guilt: there must be direct or circumstantial evidence linking the third person to the actual perpetration of the crime." (*Id.,* at p. 833.)

In the absence of Miss Nugent, no proper evidence was offered on this point.

Judgment affirmed.

Agliano, P. J., and Phillips, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.